53 CCPA

**Application of Morton M. ROSENFELD.**

**Patent Appeal No. 7549.**

United States Court of Customs
and Patent Appeals.
Jan. 6, 1966.

Arthur H. Seidel, Joel Goldhammer, Philadelphia, Pa., for appellant.

Clarence W. Moore, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claim 1, the only claim remaining in application serial No. 244,330, filed December 13, 1962, as a continuation-in-part of serial No. 828,-556, filed July 21, 1959, for "Low Cost Fall-Out Bombshelter."

As the board said, the structure is sufficiently clear from reading the appealed claim, which is:

1. A bombshelter comprising a basement in a building, said basement having a floor lying substantially in one plane, a pair of angularly intersecting walls joined to each other at their outer ends, the inner end of one of said walls abutting one wall of the basement, the inner end of the other of said walls being spaced from a second wall of said basement so as to define a doorway, said doorway extending upwardly from said floor, a third wall spaced from said other wall, one end of said third wall being in abutting contact with the second wall of said basement, said third wall having a sufficient length so that it overlaps a substantial portion of said other wall and is substantially parallel to said other wall, *a water barrier* disposed intermediate juxtaposed faces of said other wall and said third wall adjacent the other end of said third wall, said water barrier being fixedly secured to said other wall and to said third wall and *having a height of at least 12 inches* of water through the passageway defined by said third wall and said other wall, said water *barrier being sufficiently remote from said doorway so a straight line emanating from any part of said barrier will not pass through said doorway*. [Emphasis ours.]

Except as explained below, the shelter thus described is the shelter of the acknowledged prior art, as described in a pubication of the Office of Civil and Defense Mobilization entitled "Family Fall-out Shelter," #MP–15, June 1959, pp. 11 and 21. Everything in the claim down to "a water barrier" is admittedly old. The differences between the invention claimed and the prior art reside entirely in the addition of the water barrier which we will now describe in plain language.

One enters the Civil Defense shelter by going through a narrow passage between two parallel walls, one being a wall of the shelter in which the door is and the other being the "third wall" of the claim which acts as a radiation baffle standing in front of the door. As described in the specification, the invention is the instal-

lation at the entrance to said passage between the parallel walls of a "water barrier" or dam about a foot high, made of masonry like the walls, to keep water out of the shelter in case it runs into the cellar where the shelter is built—at least up to the height of the barrier.

For good measure, the Patent Office has cited and relies on two additional references, Rudinger U. S. Patent 2,977,-723 for its showing of two water barriers associated with entrances to underground fall-out shelters, one at the top of stairs leading down about 7 steps to the shelter and the other by raising the threshold of the entrance door the equivalent of 2 or 3 steps above the floor of the shelter, and Architectural Forum, Vol. 115, Oct. 1961, pp. 131–133 for its disclosure that "fallout cannot turn corners"—i. e. radiation, like light, travels in straight lines.

We note that Rudinger's patent discloses also that protection against flooding is advisable in a basement shelter as bomb damage may include broken water pipes and that water must be kept away not only because it is wet but because it may carry radioactive materials.

Appellant urges the unobviousness and hence patentability of his claimed invention on two grounds: (1) that the barrier is "at least 12 inches" high and (2) that it is sufficiently remote from the doorway to the shelter (which is behind the baffle wall) so that radiation from water held back by the barrier cannot enter the door in the course of its straight-line travel.

As to height of the dam, appellant's brief argues, "This is not an arbitrary choice, but a balance arrived at by ingenious application of inventiveness." The specification says:

> A height of between 12 inches and 24 inches * * * is satisfactory for most families, although where all of the persons making up the family are of relatively young age a somewhat higher water barrier 36 may be utilized.

We have given most serious consideration to the unobviousness of this aspect of the invention but feel constrained to agree with the Patent Office that it would be obvious to one of ordinary skill under 35 U.S.C. § 103.

As to the placement of the barrier, we can think of no more obvious place to put it than at the entrance of the passage between the shelter and barrier walls of the Civil Defense shelter, especially in view of the admitted knowledge of this art that flood water may carry radioactive fallout and in view of the fact that radiation, which travels in straight lines, is desirably prevented from entering the doorway.

The decision of the board is affirmed.

Affirmed.